PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* ALFREDO RODRÍGUEZ, Defendant and Appellant.

No. 3257. Argued April 18, 1928.—Decided March 19, 1929.

*Leopoldo Tormes* and *Eugenio Lecompte* for the appellant. *José E. Figueras* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Alfredo Rodríguez was convicted of embezzlement and appealed. The gist of the charge against him was that while he was cashier of the "Banco Comercial de Puerto Rico" at Ponce he appropriated to his own use from the funds under his care the sum of $9,000. The first trial resulted in a disagreement on the part of the jury. Before the second trial the district attorney obtained permission to amend and amended the information. The action of the court in permitting the amendment is assigned as error.

The information as originally presented by the grand jury to describe the agency and the person alleged to be defrauded said "as cashier or agent of the Commercial Bank of Porto Rico (Ponce Branch) which is a banking institution authorized to do a banking business in accordance with local laws." The amendment made by the district attorney in this regard was to substitute words so that the pertinent part of the information should read as follows: "Of the Bank of Commerce of Porto Rico (Ponce Branch) which is a corporation duly organized under the laws of Porto Rico."

The first thing that strikes us is that the amendment was unnecessary. Under the laws of Porto Rico every banking institution has to be incorporated. *Trigo* v. *Banco Territorial y Agrícola*, 36 P.R.R. 245, and the Acts of 1923 that are discussed therein. The defendant was bound to know as a citizen and as a cashier that a banking institution was duly incorporated.

We likewise agree with the *Fiscal* that the amendment in any event was harmless and a mere change of form that did not affect the substance of the charge.

The second assignment of error is as follows:

"2. The court committed grave error in overruling the motion of the defendant praying the dismissal of the information on the ground that more than 120 days had elapsed since March 5, 1926, at which time a previous trial in this same cause was heard, and although no good cause to the contrary appeared, the case was not called for trial until September 30, 1926, when the trial *de novo* was to be heard, all of this in accordance with the provisions of section 448 of the Code of Criminal Procedure."

To bring the facts relating to this motion before us the appellant refers to various pages of the transcript of the evidence. In such transcript apparently it appears that this motion was first discussed on the day of the trial. At the beginning of the transcript of the evidence, prepared at the instance of the appellant, it appears that on the 30th of September, 1926, the case was called for trial and both sides announced themselves to be ready. After such an announcement it was too late to raise any question that the defendant had not been brought to trial rapidly. This is the principal ground of our holding.

The government was there with all its witnesses and the right of the defendant was definitely waived. When the trial day comes the issues and the only issues before the court are those affecting the guilt or innocence of the defendant. Any other matter, except perhaps a continuance or the like, is foreign to the issues. A motion to dismiss for lack of a

speedy trial is collateral to the main issues. One of the main objects of law and the system of pleading is to limit the issues. We can not insist too strongly that a motion to dismiss on the ground discussed is an independent proceeding and should be separately heard.

Following the decision in *People* v. *Paris*, 25 P.R.R. 103, and the cases that follow it, a motion of this sort, barring circumstances where the defendant has no earlier opportunity or other exceptional situations not here involved, comes too late when first presented on the day of the trial, even if the defendant does not announce himself ready for trial. A motion of this sort must not be made as a surprise inasmuch as the government, like any other party, has a right to be duly notified of the motion. Perhaps, so far as a mere notification is concerned, the *Fiscal* waived the right to be notified, because he proceeded to attempt to prove just cause for the delay.

Summarily discussing the supposed merits, we shall say that the lack of funds for the jury was a sufficient excuse for delay. If the delay is sought because of the absence of important witnesses, as in this case, then the defendant should be notified, so that he may object or offer to admit the evidence sought to be obtained. We discussed this as against a defendant in *People* v. *Román*, 18 P.R.R. 217, and other cases. We are not so sure that the defendant was not notified in this case. Even if he was not, knowing that the court had granted the motion for a continuance, it was the duty of the defendant within a reasonable time to come into court and push for a trial, perhaps asking the court to set aside its order. In *Dyer* v. *Rossy*, 23 P.R.R. 718, cited by the appellant, the defendant never failed to insist on having a trial.

At this particular juncture, on account of the said absence of witnesses the court only postponed the case nine days. The appellant does not satisfy us that this was an abuse of discretion under the recited circumstances.

To top all this there is in the record an undated motion of the defendant wherein he asks that the trial be suspended because his counsel José Tous Soto was absent on account of his duties as a legislator. In this motion the right to insist on a speedy trial was waived.

This was a second trial. It is a familiar matter that after a first trial conditions change and the burden on the government to show just cause is not so strong, as indicated by some of our earlier decisions.

The third assignment of error says as follows:

"The court committed grave error in overruling all the legal questions raised by the defendant to the indictment of the grand jury, as amended by the district attorney."

So far as specific at all, our discussion of the first assignment of error sufficiently disposes of the question. No new information was necessary.

In his fourth assignment the defendant says that the verdict is contrary to the evidence and to law. At first blush one might think that the defendant was asking us to put ourselves in place of the jury. A thing we can not do except on averment and proof of passion, prejudice or the like. The attitude of the defendant is different. He complains of a lack of evidence.

The appellant says in effect that all that the evidence showed was that when defendant turned over his vouchers to the purchasers of the bank certain checks that he turned over in settlement amounting to $9,000 proved to be worthless. The fact was that defendant was charged with the necessity of turning a certain sum of money and values wherein $9,000 was necessary to make up the total amount. As he was bound to answer for this $9,000, as well as for the other amounts, the burden was on him to show payment. He was definitely shown to owe an amount wherein was included the $9,000. Two worthless checks were in his possession. It was not the duty of the government to prove that the cashier

had' not given a *quid pro quo* for these checks. The burden was on him to explain the checks. It was sufficiently proved that defendant failed to turn over $9,000 which came into his possession as cashier. There was evidence in the record that defendant admitted being short $9,000 and that he had substituted the two checks in question.

The judgment should be affirmed.